IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERI CALLEN, et al. on behalf of themselves and all others similarly situated,<br>    *Plaintiffs*,<br>v.<br><br>DAIMLER AG and MERCEDES-BENZ USA, LLC,<br><br>    *Defendants*. | CASE NO. 1:19-cv-01411-TWT<br><br>**Judge Thomas W. Thrash, Jr.** |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT AGREEMENT AND PRELIMINARY
CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS**

Before the Court is Plaintiffs' Unopposed Motion For Preliminary Approval Of Proposed Class Action Settlement Agreement And Preliminary Certification Of Nationwide Settlement Class And Incorporated Memorandum Of Law ("Motion").

WHEREAS, a proposed Class Action Settlement Agreement and Release (the "Settlement") has been reached between Plaintiffs' Counsel on behalf of a defined proposed nationwide Settlement Class of all current and former owners and lessees of model year 2010-2016 212 E-Class Mercedes-Benz originally equipped with "Burl Walnut" or "Burred Walnut" wood trim referenced by option codes 731 or

H14 (hereinafter, "Burl Walnut Trim") and purchased or leased in the United States ("Subject Vehicles"), which resolves all claims alleged against Defendants pertaining to the Subject Vehicles in this action;

WHEREAS, the Court, for purposes of this Order, adopts all defined terms as set forth in the Class Action Settlement Agreement and Release;

WHEREAS, this matter has come before the Court pursuant to Plaintiff's Motion;

WHEREAS, Defendants Daimler AG and Mercedes-Benz USA, LLC (collectively, "Defendants") do not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the Parties for purposes of settlement and asserted jurisdiction over the Class Representatives for purposes of considering and effectuating this Settlement;

WHEREAS, this Court has considered all of the presentations and submissions related to the Motion and, having presided over and managed this Action, with the facts, contentions, claims and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith.

**IT IS HEREBY ORDERED AS FOLLOWS:**

## I. PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

1. The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive mediation overseen by the Hunter R. Hughes, of HunterADR; has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representatives or segments of the Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed to the Class Members, and a Final Approval Hearing should be set.

2. Accordingly, the Motion is GRANTED.

## II. THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL

3. For purposes of this Class Action Settlement only and conditioned upon the Settlement receiving final approval following a Fairness Hearing, the Court certifies a nationwide "Class" or "Settlement Class" including all current owners, former owners, current lessees, and former lessees of Subject Vehicles who purchased or leased their Subject Vehicle in the United States. The following entities and individuals are excluded from the Settlement Class:

   a. Persons who have settled with, released, or otherwise had claims adjudicated on the merits against Defendants that are substantially similar to the Litigation Claims (*i.e.*, alleging that Mercedes-Benz Burl Walnut Trim is

inadequate, of poor or insufficient quality or design, or defective, due to fading, discoloration, or growing cloudy over time);

b.  Defendants and their officers, directors and employees, as well as their corporate affiliates and the corporate affiliates' officers, directors and employees;

c.  Counsel to any of the parties; and

d.  The Honorable Thomas W. Thrash, Jr., and Hunter R. Hughes of HunterADR, and members of their respective immediate families.

### III. **PRELIMINARY FINDINGS**

4.  The Court finds that it will likely be able to approve, under Rule 23(e)(2), the proposed nationwide Settlement Class as defined above, consisting of current and former owners and lessees of over 243,000 Subject Vehicles.

5.  The Court furthermore finds that it will likely be able to certify the class for purposes of judgment on the proposal, because the Settlement Class likely meets the numerosity requirement of Rule 23(a)(1); meets the commonality and predominance requirements of Rule 23(a)(2) and (b)(3); finds that the claims of the proposed Settlement Class Representatives are typical of the claims of the Class under Rule 23(a)(3), and that they have and will fairly and adequately represent the interests of the Class under Rule 23(a)(4); finds that a class action is superior to other

available methods for the fair and efficient adjudication of the controversy as it relates to the proposed Settlement under Rule 23(b)(3), considering the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, the desirability or undesirability of continuing the litigation of these claims in this forum or elsewhere, and the difficulties likely to be encountered in the management of the class action as it relates to the Settlement; and based on the foregoing, the Court hereby preliminarily certifies the Settlement Class.

6.  The Court preliminarily finds that proposed Settlement Class Representatives will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(e)(2)(a) and, therefore, designates as Settlement Class Representatives Plaintiffs Teri Callen, Steve Burton, Paul Finkenauer, Lorne Collier, Jose Figueroa, Glenn Scudder, Ann Fulmer, Rudi Rosenfeld, Taryn Armstrong, Sean Hunter, Richard Hall, Angelo Farrow and Larry Acunto (collectively, the "Settlement Class Representatives" or "Callen Plaintiffs"). The Court preliminarily finds that proposed Class Counsel will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(g)(1) and (4), and, therefore, hereby appoints Heninger Garrison Davis LLC ("HGD"), and HGD's W. Lewis Garrison, Jr. and Taylor C. Bartlett personally, and appoints Rozier Hardt McDonough PLLC ("RHM"), and

RHM's James F. McDonough, III personally, as class counsel under Rule 23(g)(3) ("Class Counsel").

## IV.   NOTICE TO CLASS MEMBERS

7.   The Parties chose Epiq Class Action and Claims Solutions, Inc. ("Epiq") to serve as the Settlement administrator for the Settlement Notice Plan (the "Settlement Administrator"). Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating the Notice Plan, as set forth in (a) the Motion, (b) the Declaration of Cameron R. Azari, Esq., Regarding Settlement Notice Plan (the "Declaration of the Settlement Administrator"), (c) and the Settlement Agreement and Release, including postcard notice disseminated through direct U.S. Mail to all known Class Members, coupled with establishment of a comprehensive settlement website designed to explain the Settlement and Class Members rights and obligations, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process. The Court approves such notice, and hereby directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement to Class Members under Rule 23(e)(1). The Court hereby preliminarily designates Epiq as the Settlement Administrator. This Court also approves the Postcard Notice, the Long Form Notice, the Reimbursement Claim Form, and the Qualified Future Repair Claim Form in

substantially the form as attached as Attachments 2 to 5 of the Declaration of the Settlement Administrator.

## V. SCHEDULE AND PROCEDURES FOR DISSEMINATING NOTICE, FILING CLAIMS, REQUESTING EXCLUSION FROM THE CLASS, FILING OBJECTIONS TO THE CLASS ACTION SETTLEMENT, AND FILING THE MOTION FOR FINAL APPROVAL

| Event | Proposed Date | Court Adopted Date (if altered) |
|---|---|---|
| Notice mailed to Class Members ("Notice Date") | 35 days after Court enters the Preliminary Approval Order | _____, 2022 |
| Settlement website available to Class Members | 35 days after Court enters the Preliminary Approval Order | _____, 2022 |
| Deadline to file Motion for Attorneys' Fees, Costs, and Class Incentive Awards | 30 days after Court enters the Preliminary Approval Order | _____, 2022 |
| Deadline to Submit a Claim or Object to or Opt Out of Settlement | 60 days after Notice Date | _____, 2022 |
| Last day to file Motion for Final Approval of Settlement | 30 calendar days before the Final Approval Hearing | _____, 2022 |
| Final Approval Hearing | At least 140 days after entry of Preliminary Approval Order | *Aug. 12*, 2022 |

8. The Court adopts the above schedule, finding that it is similar to those used in other class action settlements and provides due process to Class Members.

9. The Court will rule upon Class Counsel's motion for an award of attorneys' fees, litigation costs and expenses and Class Representative incentive

awards at the Fairness Hearing. As set forth in the Settlement Agreement, all such awards shall be paid in addition to and independent of the benefits to Settlement Class Members.

10. Any Settlement Class Member who has not filed a timely and proper written request to opt-out and who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement must file with the Court a statement of objection no later than 60 days after the Notice Date. Each such statement of objection must be in writing and include (a) the Settlement Class Member's full name, current address, and telephone number; (b) the Subject Vehicle Identification Number ("VIN") associated with the vehicle giving rise to standing to make an objection, and the dates of ownership or leasing of said vehicle; (c) a statement that the objector has reviewed the Settlement Class definition and understands that he or she is a Settlement Class Member, and has not opted out and does not plan to opt out of the Settlement Class; (d) a complete statement of all legal and factual bases for any Objection that the objector wishes to assert; (e) a statement of whether the Settlement Class Member intends to appear at the final approval hearing; (f) copies of any documents or identification of any witnesses that support the objection; and (g) a statement indicating whether they are being represented or assisted by counsel

with respect to their objection and, if so, identifying such counsel, and (h) a dated, handwritten signature..

11. Only Settlement Class Members may object to the Settlement. A Settlement Class Member who does not submit a written objection in the manner and by the deadline specified in this Section will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. A Settlement Class Member who does not timely submit a notice of intent to appear at the final approval hearing in accordance with all of the requirements of this Section shall not be allowed to appear at the hearing (whether individually or through separate counsel).

12. Any Settlement Class member who timely files a proper written objection may appear at the Fairness Hearing in support of the objection, provided the Settlement Class Member or his/her attorney files a notice of intention to appear at the hearing no later than 14 days before the Fairness Hearing. A Settlement Class Member who appears at the Fairness Hearing will be permitted to argue only those matters that were set forth in a written objection filed by such Class Member. No Settlement Class member will be permitted to raise matters at the Fairness Hearing that the Settlement Class member could have raised in such a written objection, but failed to do so, and all objections to the Settlement that are not set forth in such

written objection are deemed waived. Any Settlement Class Member who fails to comply with the applicable provisions of the Settlement Agreement and the Class Notice and as otherwise ordered by the Court will be barred from appearing at the Fairness Hearing. The Parties may serve and file responses to written objections at least 14 days prior to the Fairness Hearing, or as otherwise directed by the Court.

13. Any Settlement Class Member who fails to comply with the provisions of the preceding paragraphs of this Section will waive and forfeit any and all rights he or she may have to appear separately and/or object to the Settlement, and will be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in this action. A Settlement Class Member's objection to the Settlement will not affect his or her rights to participate in the Settlement relief.

14. Any Settlement Class Member that wishes to be excluded from the Settlement Class must submit to the Settlement Administrator a written request to opt out by U.S. Mail and postmarked no later than 60 days from the Notice Date. The request to opt out must be in writing and contain (a) the Person's name; (b) his or her current address and telephone number; (c) his or her Subject Vehicle Identification Number ("VIN") and the dates of ownership or lease for such Subject Vehicle; (d) a dated, handwritten signature; and (e) a written statement that such Person has reviewed the Class Notice and wishes to be excluded from the Settlement.

15. If a question is raised about the authenticity of a request to opt out, the Settlement Administrator will have the right to demand additional proof of the individual's identity and intent. Anyone who has submitted a valid request to opt out will not participate in or be bound by the Settlement or the Final Order and Judgment and may not file an objection. Anyone who does not complete and submit a valid Request to opt out in the manner and by the deadline specified above will automatically become a Settlement Class Member and be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in this action.

## VI. **FINAL APPROVAL HEARING**

16. The Final Approval Hearing shall take place on *Aug. 12*, 2022 at *10*:00 a.m. at the United States District Court for the Northern District of Georgia, 2188 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW Atlanta, GA 30303-3309, before the Honorable Thomas W. Thrash, Jr., to determine whether the proposed Class Settlement is fair, reasonable, and adequate, whether it should be finally approved by the Court, and whether the Released Claims should be dismissed with prejudice under the Settlement.

## VII. <u>OTHER PROVISIONS</u>

17. Class Counsel and Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved Notice Program.

18. The deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Opt Outs and objections must meet the deadlines and follow the requirements set forth in the approved notice in order to be valid.

19. Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Settlement, to the form or content of the Class Notice, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

## VIII. **PRELIMINARY INJUNCTION OF PARALLEL PROCEEDINGS**

20. All Settlement Class Members are hereby preliminary enjoined from filing, commencing, pursuing, intervening in, participating in, maintaining, enforcing, or prosecuting individually, as class members or otherwise, directly or indirectly, through a representative or otherwise, receiving any benefits from, or organizing or soliciting the participation in, directly or indirectly, any lawsuit (including putative class actions), arbitration, remediation, administrative or regulatory proceeding or order in any jurisdiction, asserting any claims based on or relating to the claims or causes of action or the facts alleged or pursued in this action or released by the Settlement Agreement, and from organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations) or seeking class certification in a pending action asserting any claims related to and released by the Settlement Agreement.

21. Pending the final determination of whether the Settlement should be approved, all discovery, pre-trial proceedings and briefing schedules are stayed, except such actions as may be necessary to implement the Settlement Agreement and this Order. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

22. If the Settlement is not finally approved by the Court for any reason, including pursuant to Section 7.2 of the Settlement Agreement, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of the Settlement Class Representatives or the Defendants to assert any right or position that could have been asserted if the Settlement Agreement or Motion for Preliminary Approval had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the action as of November 1, 2021, pursuant to Section 7.2 of the Settlement Agreement. Findings related to the certification of the Settlement Class for settlement purposes, or any briefing or material submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

23. In no event shall this Order, the Settlement, or the Settlement Agreement, whether or not consummated, any of its provisions or any negotiations, statements, or court proceedings relating to them in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in this action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as, or

deemed to be evidence or an adjudication, admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Parties or as a waiver by the Parties of any applicable claims or defenses.

## IX.  CONTINUING JURISDICTION

24.  For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, the Court shall maintain continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: March 15, 2022

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE