UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TERI CALLEN,** *et al.,* **on behalf of themselves and all others similarly situated,**<br><br>　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**DAIMLER AG and MERCEDES-BENZ USA, LLC,**<br><br>　　　　　**Defendants.** | CASE NO: 1:19-CV-01411-TWT<br><br>Judge Thomas W. Thrash, Jr. |

## DECLARATION OF WILLIAM LEWIS GARRISON, JR. IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS

I, W. Lewis Garrison, Jr. hereby declare as follows:

1.　I am a shareholder at Heninger Garrison Davis, LLC ("HGD"). I make this declaration in support of Class Counsel's Motion for Award of Attorneys' Fees, Expenses, and Class Representative Service Awards. I have personal knowledge of the facts stated below and can testify competently thereto if called upon to do so.

2.　I have previously executed a declaration in this matter setting forth my and my firm's substantial experience in class action litigation involving complex businesses, products, and services, and Class Counsel's extensive work in reaching the Settlement in the case at hand. Dkt. No. 77-3.

3. Class Counsel's pre-suit investigation of this matter, institution of this action by filing a Complaint, the litigation and discovery undertaken thereafter, settlement efforts and successful mediation of this matter are set forth with great specificity in the brief which this declaration accompanies and supports, as well as in my March 4, 2022 Declaration in Support of Preliminary Approval of this Class Settlement (Dkt. No. 77-3).

4. In undertaking to prosecute this complex case entirely on a contingent fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. The time spent on this matter necessarily precluded Class Counsel from accepting other work. The prosecution of this matter by Class Counsel displayed an exceptionally high level of skill by each member of the Plaintiffs' litigation team, resulting in a Settlement providing outstanding benefits to the Class, yet to date we remain completely uncompensated for the time invested and expenses advanced in the action.

5. Litigation of a complex product liability case requires highly qualified counsel, well-versed in Rule 23 class action law and procedure as well as the specialized issues presented. Class Counsel possess these attributes, and our contributions added value to the representation of this Settlement Class.

6. Identification of hourly rates for the prosecution of a case like the present matter on the Plaintiffs' side is difficult because it is rare for such a case to

be prosecuted by a Plaintiff's lawyer on an hourly basis. Complex product liability cases like this one are almost exclusively prosecuted on a contingent fee basis, with a reasonable contingent fee being 35% to 50%.

7. When Class Counsel was retained in this matter, each class representative executed a fee agreement whereby they agreed to pay a contingent fee in the amount of 40% of any recovery in the matter. The individual damages at issue in this litigation and the ultimate value of the Settlement would not support retention of competent counsel on an hourly basis. Thus, a contingent fee was necessary, and the only way Class Counsel could ever be compensated was if the Class prevailed. Class Counsel bore the risk of non-payment from the outset for the substantial time invested and the expenses advanced. While we remained confident our efforts would prevail, the risk of not prevailing was substantial.

8. The mediation and negotiation of attorney's fees to be paid in this matter did not begin until after the structure of the class relief was defined and agreed upon. The relief and benefits afforded the Class Members is not reduced in any manner by the Parties agreement that Defendants pay Attorney Fees directly to Class Counsel. The Settlement Agreement was the product of hard fought, arms-length negotiations and successful mediation.

9. Reviewing the time records on this matter, Class Counsel has spent 4959.1 attorney hours (among 7 attorneys) and 754 non-attorney (among 2

paralegals) hours prosecuting this matter. These hours were necessary, and in my experience, reasonable for prosecuting this type of class action.

11. Throughout the litigation Defendants asserted a vigorous defense, and were represented by extremely capable, top-tier counsel at King & Spalding, LLC, consisting of some 1,200 lawyers across 23 offices, and Squire Patton Boggs, LLP, a firm with over 1,500 lawyers across 45 offices. They were most certainly worthy, highly competent and professional adversaries.

11. The substantial work performed and complex legal issues, as well as the time and resources Class Counsel devoted to prosecuting and settling this action, readily justify the requested fee. Moreover, Class Counsel's requested fee falls within the "benchmark" percentage boundaries established by established Circuit law (*Camden I Condominium Ass'n v. Dunkle,* 946 F.2d 768 (11th Cir. 1991)), and the range of the private marketplace, where contingency-fee arrangements in complex product liability case are often 35% to 50% percent of any recovery.

12. Although not required in this Circuit, the following table provides additional detail to allow the Court to conduct a lodestar cross-check of Class Counsel's request. Tables 1 and 2 below includes the hours logged by attorneys and staff working on this matter and the rates of those timekeepers. The rates reflected below are derived from the Laffey matrix, a well-accepted matrix for

determining billable rates, and uses rates that were set on June 1, 2018. The Laffey matrix and the prescribed rates can be found here: http://www.laffeymatrix.com/see.html.

TABLE 1

| Attorneys | Title | Yrs. Exp.[1] | Hours | Rate ($) | Billable Fees ($) |
|---|---|---|---|---|---|
| Lewis Garrison | Partner | 37 | 175.6 | $894 | $156,986.40 |
| James McDonough | Partner | 13 | 1934.9 | $742 | $1,435,695.80 |
| Taylor Bartlett | Partner | 10 | 1820.5 | $658 | $1,197,889 |
| Christopher Hood | Partner | 20 | 97.7 | $742 | $72,493.40 |
| Mark Ekonan | Associate | 10 | 25.2 | $658 | $16,581.60 |
| Travis Lynch | Associate | 5 | 805.5 | $455 | $366,502.50 |
| Jonathan Miller | Associate | 23 | 99.7 | $658 | $65,602.60 |
| Totals: | | | 4959.1 | | $3,311,751.30 |

TABLE 2

| Staff | Title | | Hours | Rate ($) | Billable Fees ($) |
|---|---|---|---|---|---|
| Michele Marousek | Paralegal | | 421.6 | $202 | $85,163.20 |
| Mary Ashton Jones | Paralegal | | 332.4 | $202 | $67,144.80 |
| Totals: | | | 754 | | $152,308 |

13. Class Counsel's lodestar up to April 20, 2022, amounts to $3,464,059.30. The substantial work performed and complex legal issues, as well as the time and resources Class Counsel devoted to prosecuting and settling this action to date and the future hours Class Counsel will need to devote to helping

---

[1] The experience is calculated as of the date that this Action was first filed.

Class Members through the end of the program, which will extend for close to ten more years, readily justify the requested fee.

14. The actual expenses incurred in prosecuting this matter were $43,012.02. *See* Attachment A (Class Counsel Expenses). This sum reflects reimbursement of actual out-of-pocket costs and expenses that Class Counsel necessarily and reasonable incurred and paid in connection with the prosecution and settlement of the action and the benefits obtained for the Class.

15. In my experience, as I have noted in my previous declaration filed in this matter, this is an outstanding result for the Class. The Settlement achieved here provides meaningful relief to the Class that is specifically targeted to address the issues with the alleged Burl Walnut Trim defect. The relief achieved here is exceptional in that it extends the warranty on paint, on a sliding scale, out to 15 years or 150,000 miles, whichever comes first. The result achieved here puts this Settlement in the upper range of possible recoveries in the Litigation, which goes to show what a great deal this is for the Class.

16. Also, the Class Representatives' efforts on this case was substantial, and in my experience, a $5,000 service award for the level of time they committed is fair and reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>April 21, 2021</u>                Respectfully submitted,


                                            /s/ *W. Lewis Garrison, Jr.*
                                            W. Lewis Garrison, Jr.
                                            Heninger Garrison Davis, LLC
                                            2224 First Avenue North
                                            Birmingham, Alabama 35203

**ATTACHMENT A**

**EXPENSES INCURRED BY CLASS COUNSEL**

| TYPE | AMOUNT |
|---|---:|
| Copies | $251.70 |
| Data Hosting | $2,711.19 |
| Experts | $20,322.50 |
| Courier | $17.07 |
| Filing / Court Fees | $3,220.00 |
| Mediation | $10,000.00 |
| Mileage | $457.96 |
| Pacer | $23.90 |
| Travel Expenses | $378.08 |
| LexisNexis | $5,629.62 |
| **TOTAL** | **$43,012.02** |